```
              IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF MARYLAND
```

FICEP CORPORATION,                *

            Plaintiff      *

          vs.                *   CIVIL ACTION NO. MJG-13-0429

VOORTMAN USA CORP.,               *

            Defendant      *

\*     \*     \*     \*     \*     \*     \*     \*     \*

MEMORANDUM AND ORDER: CONTEMPT PROCEEDINGS

The Court has before it Voortman USA Corp.'s Motion for an Order Directing Ficep Corporation to Show Cause Why It Should Not Be Held In Contempt [ECF No. 127] and the parties'[1] responses to the Order Re: Contempt Proceedings [ECF No. 131]

There is at least probable cause to believe that Plaintiff Ficep Corporation ("Ficep") and/or its counsel violated the Stipulated Protective Order [ECF No. 38] ("the Order"), specifically, the paragraph stating:

> 2. All information produced in discovery by any party or non-party shall be used solely for the purpose of this district court litigation and any appeals from this district court litigation.

There is no doubt that Defendant Voortman USA Corp. ("Voortman") produced in discovery, the identity of 36 of its customers - HME, Quality Iron and 34 others - and their purchases of pertinent products.  On November 3, 2016, Plaintiffs' counsel sent letters to

---

[1]  Plaintiff filed a response signed by its counsel.

counsel for HME and Quality Iron, mentioning the possibility that their clients might be sued for infringement by Ficep.  Then, on November 16, 17, and 18, Plaintiffs' counsel sent letters to the other 34 customers that Voortman had identified in discovery.  These letters, addressed "to whom it may concern" at the customers' address made statements about the instant litigation and offered a license to the patents in suit for $35,000.00.

Plaintiff contends that it (or its counsel) had obtained the identity of a number of the letter recipients from sources other than discovery from Voortman.  Plaintiff shall, presumably, present evidence to establish the extent to which this assertion is true.  In any event, Plaintiff does not deny that the identity of some of the letter recipients was obtained from discovery subject to the Protective Order.  Hence, Plaintiff and/or its counsel used information provided by Voortman in discovery to send at least some of the 34 aforesaid letters sent on November 16-18, 2016.

Plaintiff contends that sending the letters was "for the purpose of this district court litigation."  It suffices, for the present, to state that this contention shall be considered in light of the pertinent evidence.

Plaintiff contends that it and its counsel acted in a good faith belief that they were in compliance with the Protective Order.  This contention will be considered in light of the evidence which, among

other things, will presumably clarify what Plaintiff and its counsel did and evidence relating to their claimed good faith.

The Court notes the existence of issues regarding the contempt proceedings, including but not limited to, whether Plaintiff will choose to have independent counsel, and the remedial action to take should there be a contempt finding.

The Court is not, by this Memorandum and Order, resolving, or even addressing, all of the issues presented in regard to a finding of contempt on the part of Plaintiff and/or its counsel.  The Court is finding, however, that on the current state of the record, there is ample cause for contempt proceedings.

For the foregoing reasons:

1. Voortman USA Corp.'s Motion for an Order Directing Ficep Corporation to Show Cause Why It Should Not Be Held In Contempt [ECF No. 127] is GRANTED.

2. Plaintiff Ficep Corporation and its counsel shall show cause why the Court should not find one or both in contempt for violating the Protective Order.

3. Defendant Voortman USA Corp. shall arrange a telephone conference, to be held by January 10, 2017 to set the date for the show cause hearing and discuss what proceedings, if any, may be necessary prior to the hearing.

SO ORDERED, on Thursday, January 04, 2017.

/s/
Marvin J. Garbis
United States District Judge